**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4818**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CEPHUS BERNARD GLENN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., District Judge.  (8:07-cr-01456-HMH-1)

Submitted: December 31, 2008        Decided:  January 12, 2009

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Cephus Bernard Glenn pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006), and one count of possession with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). As part of the plea agreement, Glenn waived his right to contest his conviction or sentence on direct appeal. Glenn was sentenced to two concurrent terms of 60 months' imprisonment. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Glenn's guilty plea and whether Glenn's sentence is reasonable. Glenn was informed of his right to file a pro se supplemental brief, but he has not done so. The Government does not seek to enforce the plea agreement's appellate waiver.[*] Finding no error in Glenn's conviction and sentence, we affirm.

---

[*] Because the Government has not sought to enforce Glenn's appellate waiver, we need not consider whether the waiver is dispositive of this appeal. See United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000) (declining to consider an appeal waiver that arguably barred the appeal on one issue because the
(Continued)

Because Glenn did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Glenn's guilty plea and that the court's omissions did not affect Glenn's substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Glenn entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Further, Glenn does not suggest that he would have declined to plead guilty had the district court's Rule 11 colloquy been more exacting. Accordingly, we discern no plain error.

We turn next to Glenn's sentence. We review a criminal sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586,

Government had expressly elected not to argue waiver with regard to that issue); cf. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005) (enforcing a plea agreement's appeal waiver where the Government sought enforcement, the issues raised fell within the waiver's scope, and no claim was present that the Government breached its obligations under the plea agreement).

3

594-97 (2007); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). We must first determine whether the district court committed any "significant procedural error." Gall, 128 S. Ct. at 597. We then consider the substantive reasonableness of the sentence, and may apply a presumption of reasonableness to a sentence within the Guidelines range. Go, 517 F.3d at 218.

The district court properly consolidated the counts of conviction and calculated Glenn's Guidelines range at 60 to 71 months' imprisonment. After hearing from Glenn's counsel, Glenn's family member and Glenn himself and considering the Guidelines as advisory and the 18 U.S.C.A. § 3355(a) (West Supp. 2008) factors, the district court sentenced Glenn to two concurrent terms of 60 months' imprisonment. The sentence for the drug possession conviction is the minimum required by statute. We recently observed that a "statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Further, Glenn's within-Guidelines sentence for the gun possession conviction is presumptively reasonable, Go, 517 F.3d at 218, and Glenn has not rebutted this presumption. Therefore, we conclude that Glenn's sentence is reasonable.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm the

4

district court's judgment. This court requires counsel to inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED